UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IAC DAYTON, LLC,<br><br>INTERNATIONAL AUTOMOTIVE COMPONENTS GROUP NORTH AMERICA, INC.<br><br>　　　　　　　Plaintiffs/<br>　　　　　　　Counterclaims-<br>　　　　　　　Defendants,<br><br>　　v.<br><br>NATIONAL RETIREMENT FUND,<br><br>　　　　　　　Defendant/<br>　　　　　　　Counterclaim-<br>　　　　　　　Plaintiff. | Case No. 25-CV-7243 (JGLC)<br><br>**JOINT LOCAL RULE 56.1**<br>**STATEMENT OF MATERIAL**<br>**FACTS** |

Under Local Rule 56.1 and this Court's Individual Rules and Practices in Civil Cases, Plaintiffs and Counter-Defendants IAC Dayton, LLC and International Automotive Components Group North America, Inc. (collectively, "IAC"), and Defendant and Counter-Plaintiff National Retirement Fund submit this joint list of undisputed material facts for purposes of summary judgment:

　　1.　　The Legacy Plan of the National Retirement Fund (the "Fund") is a multiemployer pension plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§ 1002(37), 1301(a)(3). (Wierenga Decl. Ex. A, Memorandum Opinion and Final Award ("Award") at 3; Complaint (ECF 1) ¶ 8; Answer (ECF 13) ¶ 8.)

　　2.　　The Fund, through its board of trustees, sponsors and administers the Legacy Plan. (*See* Answer to Counterclaim, ECF 16, at ¶ 8.)

1

3. As of the 2019 plan year, the Fund had 233,989 participants, 470 contributing employers, and a funding percentage of 84.1%. (Wierenga Decl. Ex. D, 2019 Form 5500 at NRF0002133, NRF0002136–37.)

4. IAC contributed to the Fund since at least June 1, 2007. Award at 2; Wierenga Decl. Ex. G, IAC Request for Review at 5.[1]

5. IAC permanently ceased its contributions to the Fund in February 2020. (Award at 2; Wierenga Decl. Ex. F, Fund Assessment at 2.)

6. Because withdrawal liability is determined as of the last day of the plan year preceding the year during which the employer withdrew, 29 U.S.C.A. § 1391(b)(2)(A)(ii), the applicable measurement date is December 31, 2019. (Award at 2.)

7. On March 2, 2022, the Fund issued a withdrawal liability assessment in the amount of $6,724,094 to IAC. (Award at 2; Fund Assessment at 2.)

8. On April 27, 2022, IAC requested a review of the Fund's withdrawal liability assessment. IAC maintained the contribution base units ("CBUs") attributable to one of its facilities were incorrectly included and, further, that the discount rate employed to calculate the withdrawal liability assessment was improper. (Award at 2; Wierenga Decl. Ex. G, IAC Request for Review at 2–3.)

9. On August 23, 2022, the Fund reissued the withdrawal liability assessment, which was reduced to $3,565,687. The Fund accepted IAC's position regarding the CBUs but rejected IAC's position regarding the appropriate discount rate. (Award at 2; Wierenga Decl. Ex. H, Fund Revised Assessment at 2.)

---

[1] Citations of exhibits F, G, and H attached to the Wierenga Declaration are to the page of the PDF and not to any internal pagination.

10. The Fund's enrolled actuary is Jonathan Feldman (hereinafter, "Mr. Feldman") from Horizon Actuarial Services. (Award at 3; Wierenga Decl. Ex. B, January 28, 2025 Hearing Transcript ("Jan. 28 Tr.") 14:5-16:2.)

11. The Revised Assessment included a payment schedule consisting of 62 quarterly installments of $67,946.52 and a 63rd and final installment of $43,127.54. (Fund's Response to IAC's Request for Review, attached to Wierenga Decl. as Ex. H, at NRF0001951-56.)

12. The 63 quarterly installments are payable over the span of 15.75 years. (*Id.*)

13. In December 2022, IAC submitted a demand for arbitration with the American Arbitration Association to challenge the Revised Assessment. (*See* Answer to Counterclaim, ECF 16, at ¶ 17.)

14. Arbitration hearings were held on January 28 and 29, 2025 (the "Arbitration Hearing") before Arbitrator Mark Stephenson, Esq. (the "Arbitrator"). (Award at 2.)

15. Mr. Feldman testified as the Fund's fact witness at the Arbitration Hearing. (*Id.*)

16. Ethan Kra testified as the Fund's expert witness at the Arbitration Hearing. (*Id.*)

17. Mitchell Hofing testified as IAC's expert witness at the Arbitration Hearing. (*Id.* at 3.)

18. The Arbitrator entered forty-two documents into evidence at the Arbitration Hearing. (Answer to Counterclaim, ECF 16, at ¶ 23.)

19. On April 8, 2025, the parties submitted post-hearing briefs. (*See id.* at ¶ 8.)

20. On April 29, 2025, the parties submitted reply briefs. (*See id.*)

21. On July 30, 2025, the Arbitrator issued the Award and upheld the Fund's Revised Assessment, AAA Case No. 01-22-0005-3399. (Award at 17-18.)

22. The Arbitrator ruled, *inter alia*, that the Fund properly used different interest and discount rate assumptions for purposes of calculating minimum funding requirements and withdrawal liability. (*Id*. at 18.)

23. As the Fund's enrolled actuary, Mr. Feldman selected actuarial assumptions for the Fund in 2019. (*Id.* at 3; Jan. 28. Tr. of the Direct Examination of Jonathan Feldman ("Feldman Direct") 27:13-19.)

24. Mr. Feldman selects assumptions for different measurements. (Award at 3-4; Legacy Plan 2020 Actuarial Valuation, attached to Lowy Decl. as Ex. 5, at 34-42.)

25. One measurement for which Mr. Feldman selects actuarial assumptions each year is the minimum funding requirement under ERISA. (Award at 3.)

26. The minimum funding requirement is "the minimum amount that an employer must contribute to a plan each year to avoid a funding deficiency." (*Id.*; *see* Feldman Direct 19:7-20.)

27. For purposes of measuring the minimum funding requirement, Mr. Feldman selects, *inter alia*, an interest rate assumption, a non-disabled mortality assumption, a disabled mortality assumption, a retirement age assumption, a spousal age assumption, a percent married assumption, a form of payment assumption, a withdrawal rate assumption, and an administrative cost assumption. (Award at 4.)

28. Mr. Feldman selected 7.3% as the interest rate assumption for minimum funding purposes in 2019. (*See id*. at 6; Feldman Direct 23:10-24.)

29. Mr. Feldman selects actuarial assumptions each year for purposes of measuring withdrawal liability. (*See* Award at 3-4.)

30. Withdrawal liability is an employer's allocable portion of unfunded vested benefits that it must pay to a multiemployer pension fund upon the employer's withdrawal. Section 4201(b) of ERISA, 29 U.S.C. § 1381(b)(1); (Award at 3-4.)

31. For purposes of withdrawal liability, Mr. Feldman selects, *inter alia*, a discount rate assumption, a non-disabled mortality assumption, a disabled mortality assumption, a retirement assumption, a spousal age assumption, a percent married assumption, a withdrawal rate assumption, and a form of payment assumption. (Expert Report of Ethan E. Kra, dated April 3, 2024 ("Kra Report"), attached to Lowy Decl. as Ex. 1, at ¶ 24; *see* Jan 28 Tr. of the Direct Examination of Ethan E. Kra ("Kra Direct") at 206:4-208:6; Award at 4.)

32. Mr. Feldman selected the PBGC rate as the discount rate for purposes of calculating withdrawal liability. (Award at 17; Feldman Direct 48:16-49:6.)

33. As of December 31, 2019, the PBGC rate was based on the rates insurance companies used to price certain annuities. (Award at 8.)

34. In 2019, the PBGC rate was 2.53%. (*Id.* at 8.)

35. The PBGC rate is a reasonable proxy for a risk-free discount rate. (*See* Award at 8; *see* January 29, 2025 Hearing Transcript ("Jan. 29 Tr.") of the Cross Examination of Mitchell Hofing ("Hofing Cross"), attached to Wierenga Decl. as Ex. C, at 416:17-417:3; *see* Jan. 28 Tr. of the Cross Examination of Jonathan Feldman ("Feldman Cross") at 131:9-17.)

36. The Arbitrator concluded that the PBGC rate "reflected [Mr. Feldman's] best estimate of the Fund's anticipated experience" for purposes of withdrawal liability. (*See id.* at 18)

37. The Arbitrator concluded that the assumptions Mr. Feldman selected for withdrawal liability "were reasonable in the aggregate." (*Id*.)

Dated: November 25, 2025

Respectfully submitted,

*/s/ Ronald E. Richman*
Ronald E. Richman
Andrew B. Lowy
Alessandra R. Cartolano
MCDERMOTT WILL & SCHULTE LLP
919 Third Avenue
New York, NY 10022
Telephone: 212.756.2000
Facsimile: 212.593.5955
Ronald.Richman@srz.com
Andrew.Lowy@srz.com
Alessandra.Cartolano@srz.com

*Attorneys for Defendant/
Counterclaim-Plaintiff*

*/s/ Brett Wierenga*
Miguel F. Eaton*
David Raimer*
Damarr M. Butler*
Brett Wierenga*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
meaton@jonesday.com
draimer@jonesday.com
dbutler@jonesday.com
bwierenga@jonesday.com

Grace Gale
JONES DAY
250 Vesey St.
New York, New York 10281
Telephone: (212) 326-3769
ggale@jonesday.com

*Attorneys for Plaintiffs/Counterclaim-
Defendants*

* *pro hac vice* forthcoming